# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE BELL,<br><br>                                  Plaintiff,<br>vs.<br><br>MERCK & CO., INC., a New Jersey Corporation, et al.,<br><br>                                  Defendants. | CASE NO. 06cv2019-IEG(JMA)<br><br>Order Vacating November 13, 2006 Hearing; Granting Defendant's Motion for Stay of Proceedings [Doc. No. 6]; Denying Without Prejudice Plaintiff's Motion to Remand [Doc. No. 5] |

Plaintiff Michelle Bell moves the Court for an order remanding this action to state court. Defendant Merck & Co., Inc. ("Merck") moves the Court, instead, for an order staying this action pending a transfer decision by the Judicial Panel on Multidistrict Litigation ("JPMDL"). Both parties have filed opposition and reply briefs. These motions are appropriate for submission on the papers and without oral argument pursuant to Local Rule 7.1(d)(1) and the November 13, 2006 hearing is VACATED. For the reasons set forth herein, Defendant's motion to stay the proceedings is GRANTED, and Plaintiff's motion for remand is DENIED without prejudice to being renewed either before this Court if the case is not transferred to the MDL or before the MDL.

## *Background*

This case is one of approximately 143 Vioxx products liability cases which Merck removed to this Court from the Los Angeles County Superior Court between September 15, 2006 and the

1  present time.  Merck removed these cases alleging diversity jurisdiction.  Immediately following
2  removal, Merck notified the JPMDL of this potential tag-along action and sought to have the case
3  transferred to the United States District Court for the Eastern District of Louisiana (the "MDL
4  court"), which is handling the Multidistrict Litigation case *In re Vioxx Products Litigation*, MDL
5  No. 1657.  On October 17, 2006, the JPMDL issued a Conditional Transfer Order conditionally
6  transferring this and most of the other Vioxx cases to the Eastern District of Louisiana for
7  inclusion in the *In re Vioxx Products Litigation*.  Plaintiff has notified the JPMDL of its opposition
8  to such a transfer.  The JPMDL has not yet set a hearing on the transfer request.

9       Plaintiff opposes the transfer of this case to the MDL court in Louisiana.  Plaintiff argues
10  the federal Courts lack subject matter jurisdiction because one of the Defendants named in the
11  complaint, McKesson Corporation, is a citizen of California.  As a result, Plaintiff seeks immediate
12  remand to the state court prior to any transfer to the MDL court in Louisiana.

13                         ***Discussion***

14       In considering whether to stay an action pending MDL transfer, the Court should consider
15  three factors:  (1) potential prejudice to the non-moving party; (2) hardship and inequity to the
16  moving party if the action is not stayed; and (3) the judicial resources that would be saved by
17  avoiding duplicative litigation if the cases are in fact consolidated.  Rivers v. Walt Disney Co., 980
18  F. Supp. 1358, 1360 (C.D. Cal. 1997).  In opposition to Merck's motion to stay, Plaintiff points to
19  an isolated few courts which have remanded Vioxx cases rather than stay proceedings to permit
20  the JPMDL to determine whether transfer is appropriate.  However, the overwhelming majority of
21  courts, including several judges of this court, have determined that a stay is appropriate pending
22  transfer to the MDL.  See In re Vioxx Product Liability Cases, Lead Case No. 05cv943-DMS(LSP)
23  (S.D. Cal. July 11, 2005) (staying 18 consolidated cases pending transfer to the MDL); McCrerey
24  v. Merck & Co., No. 04cv2576-WQH(WMc) (S.D. Cal. March 5, 2005); Purcell v. Merck & Co.,
25  No. 05cv443-L(BLM) (S.D. Cal. June 6, 2005); Valentine v. Merck & Co., No. 06cv2154-
26  DMS(JMA) (S.D. Cal. October 23, 2006).

27       The Court is concerned that imposing a stay in this case will delay the resolution of
28  Plaintiff's motion to remand.  If the case is not stayed, however, both parties face the prospect of

1  having to litigate the issue of subject matter jurisdiction before different courts and the possibility
2  of inconsistent rulings.  Furthermore, it is particularly appropriate to delay ruling on the Plaintiff's
3  motion to remand because the cases which this Court previously transferred to the MDL court
4  present identical jurisdictional issues regarding McKesson's status as a proper Defendant.  A stay
5  of this case will promote consistency and judicial economy.

## *Conclusion*

For the reasons set forth above, the Court GRANTS Defendant Merck & Co., Inc.'s motion to stay [Doc. No. 6] and DENIES WITHOUT PREJUDICE Plaintiff's motion to remand [Doc. No. 5].

**IT IS SO ORDERED**.

**DATED: November 7, 2006**

*Irma E. Gonzalez*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**